IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:09-CV-160-FL

| | |
|---|---|
| REGINALD D. McMILLAN, ) ) Plaintiff, ) ) v. ) ) GENERAL ELECTRIC COMPANY; ) GE DISABILITY BENEFITS ) CENTER; and METROPOLITAN LIFE ) INSURANCE COMPANY, ) ) Defendants. ) | ORDER |

This matter comes before the court on the motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure filed by defendants GE Disability Benefits Center and Metropolitan Life Insurance Company ("MetLife") (DE # 26), and defendant General Electric Company ("GE") (DE # 29).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge David W. Daniel entered a memorandum and recommendation ("M&R") wherein he recommends that the court grant the motions to dismiss. Plaintiff timely filed objections to the M&R, and defendants responded.

Also pending, but without benefit of the magistrate judge's recommendation, are plaintiff's motion for a mistrial (DE # 63), motions for a new trial (DE ## 65, 71), and motion to alter or amend judgment (DE # 73). These matters have been fully briefed. In this posture, the issues raised are ripe

---

[1] As the magistrate judge noted, defendant GE Disability Benefits Center is a division of MetLife that handles disabilities claims for GE. As such, it is not a separate entity from defendant MetLife.

for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and grants the motions to dismiss, and denies each of plaintiff's motions.

## BACKGROUND

On October 8, 2009, after being denied leave to proceed *in forma pauperis*, *pro se* plaintiff filed an amended complaint in which he alleges that defendants have discriminated against him in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. Plaintiff states that he was employed by GE from April 1, 1986, until July 2, 2003, but stopped working after being diagnosed with bilateral carpal tunnel syndrome and chronic left wrist pain. According to plaintiff, he was forced by defendants to leave work and take short-term disability leave. Although plaintiff attempted to return to work after being cleared by his attending physician, defendants would not allow him to do so.

Plaintiff further alleges that on or about April 30, 2004, he received a letter from defendants regarding upcoming changes to his long-term disability plan. Specifically, plaintiff was advised that the definition of disability would be changing. Defendants informed plaintiff that he could continue to receive payments only so long as he was "totally disabled" under the plan. Plaintiff informed defendants that he was not claiming to be disabled, but rather wished to return to work. Defendants, however, told plaintiff that he must be cleared by a doctor to return to work. According to plaintiff, but unbeknownst to him at the time, his doctor had completed a "Physician's Statement Form" on June 7, 2004, in which his doctor opined that plaintiff could return to work with no restrictions. Plaintiff claims that defendants received this form, but continued to rebuff plaintiff's attempts to return to work.

Plaintiff asserts that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in September 2007, and that he amended his charge after discovering additional information relating to defendants' alleged fraudulent concealment of employment opportunities in February and December 2008. Plaintiff attached an EEOC right-to-sue letter, dated July 7, 2009, to his complaint, which states that the EEOC closed its file on plaintiff's charge on non-jurisdictional grounds. The charge itself is not attached to the complaint, although defendant GE attaches a charge dated February 13, 2008, to its motion to dismiss.

As noted, plaintiff filed the instant lawsuit on October 8, 2009. Defendants each moved to dismiss on November 18, 2009, prior to any answer being filed. The motions were referred to the magistrate judge, who entered an M&R on May 25, 2010. On June 10, 2010, plaintiff filed a motion for a mistrial and a motion for a new trial because the magistrate judge failed to consider certain filings of his. After the magistrate judge determined that these materials should have appeared on the docket but did not, he decided to reconsider his M&R. On July 12, 2010, the magistrate judge entered an amended M&R. Plaintiff filed a second motion for a new trial and a motion to alter or amend judgment on July 20, 2010. He also filed objections to the M&R on July 26, 2010, and July 27, 2010. Defendants timely responded, both to plaintiff objections and his motions, on August 12, 2010.

## DISCUSSION

A.     Motions for a Mistrial, For a New Trial, and To Alter or Amend Judgment

Plaintiff's motion for a mistrial and first motion for a new trial, filed after the magistrate judge filed his original M&R, seek to have certain evidence considered by the magistrate judge. Plaintiff notes that this evidence was inadvertently not scanned with his original pleadings, and that

3

the failure to consider the evidence would result in substantial or irreparable prejudice. As noted, the magistrate judge reconsidered his M&R when informed about this oversight, and had the benefit of the additional evidence sought to be considered by plaintiff when he entered his amended M&R. As such, these motions are denied as moot.

Plaintiff's motion to alter or amend judgement and second motion for a new trial were filed after the magistrate judge entered his amended M&R. These two filings are presented as motions pursuant to Rule 59, but that rule is not appropriate where there has been no trial or entry of judgment in this matter. As such, plaintiff's motions are premature and are denied. However, the arguments made in these motions are similar or identical to those made in plaintiff's objections, and will be considered as such by the court.

B.   Motions to Dismiss

   1.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations

omitted). In addition to the pleadings, the court may look only to documents attached to the complaint or documents attached to the motion to dismiss that are integral to the complaint and authentic, and may also take judicial notice of matters of public record. Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).[2]

The court in this case is proceeding with benefit of the magistrate judge's thorough analysis. The court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

2. Defendant MetLife

The ADA states that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . hiring, advancement or discharge of employees, . . . and [any] terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA defines

---

[2] Because the burden of establishing an affirmative defense rests on the defendant, "a motion to dismiss filed under [Rule] 12(b)(6) . . . generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." Goodman v. Pixair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." Id. In the instant case, the amended complaint and the documents that are attached and integral thereto provide sufficient factual support for decision on GE's statute of limitations defense.

5

"covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee." Id. § 12111(2). MetLife meets the statutory definition of an "employer," but it is not plaintiff's employer. See id. § 12111(5) (defining employer as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year"). An entity is not liable absent this employer-employee relationship. See King v. Wilmington Transit Co., 976 F. Supp. 356, 357 (E.D.N.C. 1997); Reigel v. Kaiser Found. Health Plan of N.C., 859 F. Supp. 963, 966 (E.D.N.C. 1994). Cf. Hishon v. King & Spalding, 467 U.S. 69, 74 (1984) ("The contractual relationship of employment triggers the provision of Title VII governing 'terms, conditions, or privileges of employment.'").[3]

Plaintiff argues that MetLife should be considered his "employer" for purposes of the ADA, asserting that MetLife had some control over his employment and employment opportunities. This argument did not find favor with the magistrate judge, and now comes before the court on plaintiff's objection to the M&R. Upon *de novo* review, the court concludes that plaintiff's assertion is not substantiated by the allegations in the pleadings. There is no indication that MetLife had the ability to hire or fire plaintiff, that it paid plaintiff's salary or social security taxes, that it set plaintiff's duties or hours of employment, or that it otherwise had control of defendant's employment with GE. Cf. Garrett v. Phillip Mills, Inc., 721 F.2d 979, (4th Cir. 1983) (noting that a putative employer's

---

[3] At least one court has refused to "rule out the possibility" that an entity that meets the statutory definition of employer but is not plaintiff's employer might nevertheless be held liable under ADA on particularly compelling facts. Carparts Distrib. Ctr., Inc. v. Auto. Wholesaler's Ass'n of New England, Inc., 37 F.3d 12, 18 (1st Cir. 1994). However, this court has consistently required an employer-employee relationship under the ADA. See, e.g., King, 976 F. Supp. at 357; Reigel, 859 F. Supp. at 966. In any event, such "exceptional circumstances" are not present here. MetLife is merely the insurance company that administers GE's disability plan, which is insufficient to subject it to ADA liability. See, e.g., Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1113 (9th Cir. 2000).

6

control over an individual and that individual's economic dependent on the putative employer are the two overarching factors in determining an employer-employee relationship under the Age Discrimination in Employment Act). Nor is there any indication that MetLife operated as GE's agent in these matters. Accordingly, the court grants MetLife's motion to dismiss.

3.   Defendant GE

A plaintiff must file a charge of discrimination with the EEOC within one hundred and eighty (180) days of the alleged discriminatory activity, or within three hundred (300) days if the plaintiff initially instituted proceedings with a designated state or local agency. See J.S. ex rel. Duck v. Isle of Wright Cnty. Sch. Bd., 402 F.3d 468, 475 n.12 (4th Cir. 2005) (citing 42 U.S.C. §§ 2000e-5(e)(1), 12117(a)). If an individual fails to timely file such a charge, his claim in federal court is time-barred. See McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994). Here, the magistrate judge assumed without deciding that the New Hanover County Human Relations Commission ("NHCHRC") was a legitimate state agency under the ADA and that plaintiff had properly filed his claim before it. See Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 541-43 (E.D.N.C. 2008) (noting that the EEOC has designated NHCHRC as a fair employment practices agency, but that the enabling legislation creating the NHCHRC is of questionable constitutionality under North Carolina law). As such, the magistrate judge states that plaintiff had three hundred (300) days from the alleged discriminatory activity to file his charge with the EEOC.

The alleged discriminatory activity occurred in 2004, when defendants allegedly forced plaintiff to leave work and refused to let him return to work after being cleared to do so by his physician. However, plaintiff alleges that he did not file an intake form with the EEOC until September 24, 2007, which is well outside the 300-day window allowed by the ADA. Nevertheless,

7

plaintiff seeks to have the court rule that his claim is not time-barred by tolling the limitations period. See Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982) (holding that the timely charge of discrimination with the EEOC is subject to waiver, estoppel, and equitable tolling). Plaintiff argues that defendants concealed a form filled out by plaintiff's doctor in which he clearing plaintiff for work and that they forged and/or backdated other relevant forms. The magistrate judge addressed this argument and rejected it, and plaintiff now objects.

"Equitable tolling applies where a defendant, by active deception, conceals a cause of action." Lekas v. United Airlines, Inc., 282 F.3d 296, 301 (4th Cir. 2002) (citing English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987)). "[E]quitable estoppel applies where 'the defendant engages in intentional misconduct to cause the plaintiff to miss the filing deadline,' even though the plaintif knows that it exists." Id. (quoting English, 828 F.2d at 1049). Even assuming that GE engaged in misconduct by concealing and/or forging the doctor's form as alleged by plaintiff, these doctrines would not apply to save his case from the timeliness requirement. It was plaintiff's position in 2004 that he was healthy enough to return to work, and it was GE's position that plaintiff would not be reinstated. Based on these facts, there is no suggestion that GE's alleged misconduct somehow concealed the cause of action from plaintiff or induced him to fail to timely file suit, and any conclusion to the contrary would be difficult to reconcile with the fact that plaintiff's untimely EEOC charge was nevertheless filed before plaintiff alleges he discovered defendants' misconduct. It appears instead that plaintiff was aware (or should have been aware) of his cause of action in 2004, and that he discovered what he believes to be a "smoking gun" in 2008. This is insufficient for equitable tolling or equitable estoppel purposes. As such, plaintiff's EEOC charge is untimely and GE's motion to dismiss will be granted.

The untimely nature of plaintiff's EEOC charge is sufficient justification for dismissing GE from this action, but the magistrate judge also noted plaintiff's claims against GE must be dismissed because he failed to include his claims against GE in his EEOC charge. The scope of an EEOC charge limits the scope of any subsequent litigation, with any claims that exceed the scope of the original EEOC charge being procedurally barred. See Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005) (Tile VII); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) (same). Based on the materials properly before the magistrate judge, it appears that plaintiff's EEOC charge named a claims specialist at MetLife as the respondent, that the charge and the notice of rights were sent to MetLife rather than GE, and that the charge dealt with the termination of plaintiff's long-term disability benefits rather than the refusal to allow him to return to work which forms the crux of his claim against GE in this action.

Plaintiff also objects to this conclusion, asserting that his amended charges do address the refusal by GE to allow him to return to work. To substantiate these claims, plaintiff attaches to his objections documents labeled "Proof of EEOC Charge Amendment," which were unavailable to the magistrate judge. However, the court finds these documents to be less than compelling. First, the documents are dated June 4, 2009, nearly two years after the initial EEOC charge was filed in September 2007. Second, it is inappropriate for plaintiff to attempt to, in effect, amend his complaint in his objections to the M&R. Cf. Beck v. City of Durham, 129 F. Supp. 2d 844, 855 (M.D.N.C. 2000) ("Because the Court's consideration of Defendants' Motions to Dismiss is limited to the allegations stated in the Complaint, Plaintiff cannot attempt to create claims for retaliation and constructive discharge in his response to Defendants' Motions to Dismiss."). As such, GE's motion to dismiss will be granted.

9

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a mistrial (DE # 63) and first motion for a new trial (DE # 65) are DENIED AS MOOT, and plaintiff's second motion for a new trial (DE # 71) and motion to alter or amend judgment (DE # 73) are DENIED. Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge as its own. Accordingly, defendants' motions to dismiss (DE ## 26, 29) are GRANTED. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 20" day of September, 2010.

LOUISE W. FLANAGAN
Chief United States District Court Judge